[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action, by writ and complaint, claiming a dissolution of marriage and other relief, as on file, came to this court on March 30, 2000, with a return date of April 11, 2000, and thence to later dates when the defendant appeared through counsel and filed a cross complaint. Both parties appeared for a limited contested trial which was heard on February 21 and February 22, 2001.
Having heard the evidence the court finds as follows. The plaintiff and the defendant, whose birth name was Gail A. Castellano, were married on December 9, 1990, at Barber's Point, Hawaii. The plaintiff resided continuously in the state of Connecticut for twelve months prior to the date of the complaint. The plaintiff and defendant have two minor children who are issue of the marriage: Samantha L. Angermann, born January 22, 1992, and Sarah C. Angermann, born August 8, 1994. No other minor children have been born to the defendant wife since the date of the marriage. Neither party or the minor children has received support from the state of Connecticut, or any municipality of the state of Connecticut. The court has jurisdiction over the parties and the marriage.
At trial, the parties presented proposed orders to the court that represented their agreement on certain issues. The court heard testimony in order to decide the outstanding issues on which there was no agreement.
The plaintiff husband is 37 years old and in good health. He has a B.S. degree in marketing management that he received in 1985. He was in the Navy from April, 1986 to March, 1994. While in the Navy he attended Officer Candidate School and became a pilot. He is currently a pilot (first officer) for United Air Lines. Plaintiff's financial affidavit indicates gross wages of $2,505.58 per week. As to specific assets of the plaintiff the court finds the following values:
-401(k) Plan — $21,250
 — USAA Individual — $ 8,824 Retirement Account
 — United Air Lines — $67,914 Employees Stock Option Plan
CT Page 4384
The defendant wife is 35 years old, and while physically in good health, has had some problems with obsessive compulsive disorder and panic attacks since 1995. She has a B.S. in nursing from Fairfield University. She worked as a registered nurse in Texas and Connecticut until 1996. She currently works part time for a catering service and shows income at this time of $25.00 per week. She has no pension or retirement plans. The two minor children currently reside with the wife.
Prior to the couple's marriage in 1990, the defendant became pregnant by the plaintiff and the pregnancy was terminated. This event continues to be an underlying problem for the defendant in that she feels that the plaintiff did not support her during that time and in the decision to terminate the pregnancy. When the plaintiff was discharged from the service in 1994, the parties returned to Connecticut and lived with the defendant's parents. Much of the testimony at trial revolved around the issue of the impact of the defendant's family (i.e., parents and siblings) on the marriage. The plaintiff perceived the defendant's family as intrusive and being determinative of the defendant's decisions. The defendant perceived her family as supportive and a source of comfort. Both parties presented degrees of intractability during the trial. The court finds that neither party is more responsible than the other for the irretrievable breakdown of the marriage.
The court has considered criteria set forth in Connecticut General Statutes § 46b-81 and § 46b-82 in reaching its decision as to the disputed issues.
Accordingly, the court enters the following orders:
DISSOLUTION
The marriage has broken down irretrievably without hope of reconciliation, therefore a decree may enter dissolving the marriage.
CUSTODY VISITATION
The parties shall have joint legal custody of their children, Samantha and Sarah. The children's primary residence will remain with the mother. The father shall have reasonable, liberal and flexible rights of parenting time with the children including but not limited to, every other weekend from after school on Friday until before dinner on Sunday and one evening during the week for dinner. Any three-day weekends will be alternated annually and worked out by the parties. The Thanksgiving holiday from Wednesday evening through Thursday evening will be alternated annually with the plaintiff having the children in 2001. The weekend following Thanksgiving is to coincide with the normal alternating CT Page 4385 weekend visitation schedule. The Easter holiday shall be alternated annually with one parent having the children on Easter Eve until 10:00 a.m. on Easter Day and the other parent having the children on Easter Day from 10:00 a.m. for the rest of the day. For 2001, the plaintiff shall have the children on Easter Eve. The children shall be with the mother on her birthday and on Mother's day and with the father on his birthday and on Father's day. The respective birthdays of the mother and father shall not take precedent over the Thanksgiving holiday schedule. The parties shall share the children's birthdays. The Christmas holiday shall be alternated annually with one parent having the children from Christmas Eve noon to 10:00 a.m. on Christmas Day plus the second half of the Christmas vacation and the other parent having the children from Christmas Day at 10:00 a.m. through the first half of the Christmas school vacation. For 2001, the defendant shall have the children on Christmas Eve. The parties shall alternate the children's other school vacations. Each party shall have two weeks of non-consecutive summer vacation with the children in 2001 and 2002 and three weeks of such vacation beginning in 2003. The parties shall equally share in providing transportation for all visitation.
CHILD SUPPORT
Child support is ordered in the amount of $424.00 per week, which is in accordance with the child support guidelines based on the plaintiffs weekly gross income of $2,505. Beginning May 1, 2002, and continuing annually thereafter the parties shall exchange Federal Income Tax Returns for the preceding year and child support for the subsequent year (i.e., May 1, 2002 — April 30, 2003) shall be recalculated based on the income from those returns so as to be in compliance with the child support guidelines.
EDUCATION
The court makes no order related to educational expenses.
CUSTODIAL ACCOUNTS
The parties shall serve as joint custodians of the childrens' Neuberger Berman accounts. If the parties cannot serve as joint custodians, then the plaintiff shall maintain his status as custodian of said accounts and in that event, the plaintiff shall provide annually to the defendant a statement of the accounts.
ALIMONY
The plaintiff shall pay periodic alimony to the defendant in the amount CT Page 4386 of $600.00 per week for one year from the date of this decision. Thereafter, he shall pay the sum of $350.00 per week for a period of five years. Said alimony shall be non-modifiable as to term and shall terminate upon the first of the occurrences of the following events:
a. Death of the plaintiff or the defendant.
b. Remarriage of the defendant.
 c. Cohabitation by the defendant with a third party as defined in General Statutes § 46b-86 (b).
d. 6 years from the date of this judgment.
Said period alimony shall be tax deductible to plaintiff and tax includible to the defendant. The defendant may earn up to $20,000 annually without the same being considered as a substantial change in circumstances for purpose of modification as to the amount of alimony.
MEDICAL INSURANCE
The plaintiff is to provide medical insurance coverage for the benefit of the minor children. All unreimbursed medical expenses shall be divided in accordance with the child support guidelines.
LIFE INSURANCE
The plaintiff shall maintain life insurance in the amount of $75,000 naming the defendant as irrevocable beneficiary for so long as he has an obligation to pay alimony. The plaintiff shall further maintain life insurance in the amount of $150,000, naming the two children as irrevocable beneficiaries until the youngest child has attained the age of twenty-one (21). The defendant shall maintain life insurance in the amount of $50,000 naming the two children as irrevocable beneficiaries until the youngest child has attained the age of twenty-one (21).
COBRA
The plaintiff shall cooperate in the conversion of the defendant's medical insurance coverage as available through COBRA. The cost of any COBRA plan shall be the responsibility of the defendant.
PERSONAL PROPERTY
The parties have agreed to a division of personal property insofar as the items of personal property that have not been specifically allocated CT Page 4387 in the division of assets set forth below.
TAX EXEMPTIONS
Plaintiff shall be entitled to claim the older child, Samantha, as a tax dependency exemption and the defendant shall be entitled to claim the younger child. The defendant shall cooperate in providing the plaintiff with IRS Form 8332 by March 1st of each year.
MARITAL RESIDENCE
Plaintiff shall quit-claim all his right, title and interest in and to the marital residence located at 14 Valley View Road, Brookfield, CT to the defendant. The defendant shall pay and hold the plaintiff harmless from mortgage, taxes, repairs and insurance on said property. Defendant shall refinance the first mortgage on the property on or before October, 2002. The defendant shall make reasonable efforts to obtain such refinancing.
HOME EQUITY LINE
Plaintiff shall assume and be responsible for $23,000 of the balance on the home equity line of credit. Defendant shall assume and be responsible for the balance of the home equity credit line. The above referenced balances shall be paid on or before October 2002.
AUTOMOBILES
The plaintiff shall have all right, title and interest in and to the 1996 Jeep Grand Cherokee automobile. The defendant shall retain the 2000 Jeep Cherokee Sport leased vehicle and shall be responsible for all payments due under said lease.
CREDIT CARD DEBT REAL ESTATE TAXES
The plaintiff shall pay, and hold the defendant harmless from any liability for the USAA Visa card debt of approximately $4,000 and the USAA Master Card debt of approximately $2,400.00. The defendant shall pay and hold the plaintiff harmless from any liability for real estate taxes due on the marital residence in Brookfield, CT.
PENSIONS
The plaintiff shall retain all right, title and interest in to his 401 (k) plan, his United Airlines Employee Stock Option Plan and his United Air Lines lump sum pension plan. CT Page 4388
COMPANION PASSES
The defendant is allowed five (5) companion passes per year with United Airlines limited to travel with the parties' minor children and to be used only by the defendant. The defendant shall reimburse the plaintiff his cost for such passes.
RETROACTIVE PAY AWARD
The retroactive pay award of $5,300 received in the Fall of 2000, shall be the property of the plaintiff.
COUNSEL FEES
Each party shall be responsible for their respective counsel fees.
OTHER ASSET DIVISION
To the extent not otherwise set out above, the following division of assets is ordered:
Plaintiff shall retain all right, title and interest in and to:
1) The Four Winds Boat.
2) The 1995 Motorcycle.
Defendant shall retain all right, title and interest in and to:
1) The Janus Mutual Fund.
2) The USAA Individual Retirement Account.
3) The tractor, leaf blower, piano, camcorder/camera and computer.
4) The dog.
Cremins, J.